## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **DAVID TURNER**, 2868 Stelzer Road Columbus, Ohio 43219, | Civil Action No. 2:20-cv-3997 |
| | JUDGE |
| **Plaintiff, on behalf of himself and all others similarly situated,** | MAGISTRATE JUDGE |
| v. | **Jury Demand Endorsed Hereon** |
| **MONARCH INVESTMENT & MANAGEMENT GROUP, LLC** c/o CT Corporation System 4400 Easton Commons Way, Suite 125 Columbus, OH 43219 | |
| **Defendant.** | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COMES Plaintiff David Turner, individually and on behalf of himself and all others similarly situated, and proffers this Complaint for damages against Defendant Monarch Investment & Management Group, LLC (referred to herein as "Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, and Defendants is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff David Turner is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff Turner resides in Franklin County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined in the FLSA and O.R.C. Chapter 4111.

7. Defendant Monarch Investment and Management Group, LLC is a limited liability company registered to do business in Ohio and conducts business in Franklin County in the Southern District of Ohio.

8. Defendant Monarch Investment and Management Group, LLC is and has been an "employer" as that term is defined by the FLSA and O.R.C. Chapter 4111.

9. At all times relevant herein, Defendant Monarch Investment and Management Group, LLC has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant Monarch Investment and Management Group, LLC constituted an enterprise engaged in commerce within the meaning of the FLSA.

10. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has an annual gross volume sales and/or business in an amount not less than $500,000.00.

11. Plaintiff bring this action on his own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime compensation and other unpaid compensation under the FLSA. The consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (Attached as Exhibit A).

## FACTUAL BACKGROUND

12. Plaintiff David Turner began working for Defendant on or around December 11, 2019 in the position of Leasing Agent. Plaintiff Turner's employment with Defendant ended on or around May 8, 2020.

13. Defendant is in the business of acquiring and managing multifamily apartment communities and owns/manages communities across the United States, including but not limited to: Arizona, Arkansas, Colorado, Iowa, Illinois, Indiana, Kansas, Kentucky, Louisiana, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Mexico, North Carolina, Ohio, Oklahoma, Tennessee, Texas, and Wisconsin.

14. Defendant employs Leasing Agents (also referred to as Leasing Consultants) to ensure apartment units within the communities are occupied through rentals and renewals. Leasing Agents throughout the Company are responsible for giving apartment tours, addressing tenant issues, completing necessary paperwork regarding the leases, amongst other things.

15. Defendant also employs Assistant Managers (sometimes referred to as Asst. Managers/Leasing Consultant) to ensure tenant renewals are being captured, ensuring units are rented/leased, assisting the property manager, and maintaining resident relations.

16. Defendant typically employs two or more Leasing Agents and one or more Assistant Managers at each of its 230+ properties across the United States.

17. Leasing Agents/Leasing Consultants and Assistant Managers are paid on an hourly basis. In addition to the hourly pay, Leasing Agents and Assistant Managers receive commissions for securing new leases and for securing renewals ("Commission Payments"). Commission Payments are governed by a "Commissions Policy," which sets the specific amount earned for new leases and renewals.

18. The Commissions Policy is a companywide written policy that applies to all hourly employees who earn commissions, including Leasing Agents and Assistant Managers.

19. Commission Payments are paid monthly in a separate paycheck and cover a one month period of time.

20. Commission Payments for securing leases and renewals are not included in Leasing Agents or Assistant Managers' regular rate of pay when calculating overtime compensation.

21. Plaintiff Turner regularly worked more than forty (40) hours in a workweek.

22. Other Leasing Agents and Assistant Managers regularly work more than forty (40) hours in a workweek.

23. Commissions are payments for hours worked and must be included in the regular rate of pay when determining the overtime rate. See 29 CFR 778.117.

24. Because Commission Payments are required by Federal and State Law to be included in the regular rate of pay Defendant failed to properly pay Leasing Agents and Assistant Managers overtime at one and one half times their regular rate of pay for all hours worked.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

25. All of the preceding paragraphs are realleged as if fully rewritten herein.

26. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class who worked over forty hours in any workweek but were not properly compensated under the FLSA. This class is defined as:

> All current and former hourly paid Leasing Agents, Leasing Consultants, Assistant Managers, and/or individuals with similar job titles of Defendant who, during the past three (3) years through the date of conditional certification, worked more than 40 hours in any workweek and were paid on an hourly basis plus commissions and did not have Commission Payments included in their regular rate of pay when calculating overtime compensation.

These individuals are referred to as the "FLSA Class".

27. Plaintiff and the FLSA Class Members were subject to the same payroll practices.

28. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is representative of all SSPs and is acting on behalf of others' interests as well as his own in bringing this action.

29. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their

claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

30. In addition to Plaintiff, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendant's company-wide policy not to include Commission Payments in the regular rate of pay when calculating overtime compensation and/or Defendant's failure to correctly calculate overtime compensation owed.

31. Plaintiff and the SSPs were paid on an hourly basis plus commissions.

32. Plaintiff and the SSPs were non-exempt employees.

33. Plaintiff and the SSPs often worked more than 40 hours per week.

34. Defendant failed to properly calculate overtime compensation owed to Plaintiff and the SSPs.

35. Plaintiff and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

36. Defendant was aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

37. Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether they were required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

38. Accordingly, Plaintiff and the SSPs were required to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

## COUNT II
### Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime

39. All of the preceding paragraphs are realleged as if fully rewritten herein.

40. Plaintiff brings this Ohio Minimum Fair Wage Standards Act ("OMFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following "Rule 23 Class" who were not properly compensated under the OMFWSA. This class is defined as:

> All current and former hourly paid Leasing Agents, Leasing Consultants, Assistant Managers, and/or individuals with similar job titles of Defendant who, during the past two (2) years through the date of final certification, worked at a property in Ohio, and worked more than 40 hours in any workweek and were paid on an hourly basis plus commissions and did not have Commission Payments included in their regular rate of pay when calculating overtime compensation

41. Plaintiff and the other Rule 23 Class members were not paid an overtime premium for all hours worked in a workweek in excess of 40.

42. The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. The Rule 23 Class consists of more than 40 current and former hourly employees who have not been paid an overtime premium for all hours worked in a workweek in excess of 40.

43. Plaintiff is a member of the Rule 23 Class and his claim for unpaid overtime wages is typical of the claims of other members of the Class.

44. Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

45. Plaintiff has no interest antagonistic to or in conflict with interests of the Class that they are undertaking to represent.

46. Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the Rule 23 Class.

47. Questions of law and fact are common to the class, including:

 a. Whether Defendants violated the OMFWSA by failing to compensate, at an overtime premium, hourly employees for all hours worked in a workweek in excess of 40.

 b. Whether Defendant properly calculated the overtime to be paid to hourly employees;

 c. Whether Defendant established its payroll policy, knowing the policy violated the law and failed to properly compensate hourly employees for all hours worked in a workweek in excess of 40 at an overtime premium;

 d. Whether Defendant's violations were knowing and willful;

 e. What amount of unpaid overtime compensation is owed to Plaintiff and the other members of the Rule 23 Class as a result of Defendant's violation of the OMFWSA; and

 f. What amount of prejudgment interest is due to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to its unpaid employees.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Rule 23 Class as a whole.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

51. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiff and his counsel are not aware of any pending litigation on behalf of any the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their unpaid employees. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

52. For Defendant's violation of O.R.C. 4111, Plaintiff is entitled to recover unpaid wages, an amount equal to the unpaid wages as liquidated damages, attorneys' fees and costs, and all other remedies available under Ohio law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Plaintiff and their counsel to represent the FLSA Class; enter an order directing Defendant to pay into a common fund for the benefit of Plaintiff and all other members of the FLSA Class the total amount of damages to which Plaintiff and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages,

pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA in an amount greater than $100,000.

B. As to Count II, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the Plaintiff as the Rule 23 Class Representative, enter an order directing Defendant to pay into a common fund for the benefit of Plaintiff and all other members of the Rule 23 Class the total amount of damages to which Plaintiff and the Rule 23 Class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs of the litigation and administration of the common fund, and attorneys' fees, injunctive relief for Defendant to cease violations of the Ohio Minimum Fair Wage Standards Act, and such other or additional relief deemed appropriate by the Court.

C. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $100,000.00.

                      Respectfully submitted,

                      /s/ *Greg R. Mansell*
                      Greg R. Mansell (0085197)
                      (Greg@MansellLawLLC.com*)*
                      Carrie J. Dyer (0090539)
                      (Carrie@MansellLawLLC.com)
                      Kyle T. Anderson (0097806)
                      (Kyle@MansellLawLLC.com
                      **Mansell Law, LLC**

1457 S. High St.<br>
Columbus, OH 43207<br>
Ph: 614-610-4134<br>
Fax: 614-547-3614<br>
*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiffs hereby requests a jury of at least eight (8) person

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)