**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID TURNER,**

      **Plaintiff,**

  vs.

**MONARCH INVESTMENT &
MANAGEMENT GROUP, LLC.,**

      **Defendant.**

**Case No. 2:20-cv-3997
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendant's Motion to Stay (ECF No. 19), Plaintiff's Response (ECF No. 20), and Defendant's Reply (ECF No. 21). For the following reasons, the Court **GRANTS** Defendant's Motion to Stay.

**I.**

Plaintiff David Turner filed a Collective and Class Action Complaint on August 6, 2020, against Defendant Monarch Investment & Management Group, LLC ("Monarch"), seeking to collect allegedly unpaid overtime compensation and other unpaid compensation from Monarch under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111. (ECF No. 1.) On September 22, 2020, Monarch filed Defendant's Motion to Compel Arbitration and to Dismiss, or in the Alternative Stay, This Action (the "Motion to Compel"), generally arguing that Plaintiff entered into an agreement to arbitrate any and all disputes he may have with Monarch, including the claims raised in this case. (ECF No. 12.) Monarch argued that, as a result, the Court should dismiss Plaintiff's case with

prejudice, or in the alternative stay the case pending arbitration.  (*Id.*)  The Motion to Compel has been fully briefed and will be decided by separate order.

On December 15, 2020, Monarch filed the subject Motion to Stay, generally arguing that "[u]ntil the Court resolves the threshold issue of whether this Court or arbitration is the appropriate forum for Plaintiff's claims, it is most efficient and appropriate to pause discovery, motion practice, and any other further litigation."  (ECF No. 19.)  Specifically, Monarch argues that it would be a waste of resources for the Court to oversee discovery only to then decide that Plaintiff's claims are subject to arbitration, and that no discovery is necessary to answer whether the case is properly before the Court.  (*Id.* at PAGEID # 222.)  Monarch also highlights that this case is at its "procedural infancy," and argues that a stay would not undermine any proceedings to date.  (*Id.* at PAGEID ## 222-223.)  Monarch further argues Plaintiff would not suffer undue prejudice from a stay, that a stay would simplify the issues in the case, and that "a stay manifestly would reduce the litigation burden for all parties and the Court."  (*Id.* at PAGEID ## 223-224.)

Plaintiff opposes Monarch's request, generally arguing that the Motion to Stay should be denied because it is not highly likely that the Motion to Compel will be granted, Defendant has no compelling reason to stay the proceedings, a stay would unduly prejudice Plaintiff, and a stay would not reduce the litigation burden or simplify the central issue in this case. (ECF No. 20.)  In Reply, Monarch generally argues that "Plaintiff misstates the applicable standards governing the Court's consideration of a stay, needlessly rehashes arguments concerning Monarch's underlying Motion to Compel Arbitration, and offers no reasonable basis to disregard the arguments Monarch presented as to why a stay is an appropriate and prudent exercise of this Court's discretion."  (ECF No. 21.)

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55). In deciding whether to grant a stay, courts commonly consider the following factors: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court. *Hubbell v. NCR Corp.*, No. 2:17-CV-807, 2018 WL 1638882, at *1 (S.D. Ohio Apr. 5, 2018) (citing *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a

stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

Here, the Court finds that Monarch has demonstrated good cause for granting a stay of discovery pending resolution of the Motion to Compel. As this Court has previously observed:

> Courts recognize a strong presumption in favor of arbitration. *Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 396 (6th Cir. 2014). Should [the d]efendant prevail in compelling arbitration, it will be protected from the expense of litigation in this Court. "The arbitrability of a dispute similarly gives the party moving to enforce an arbitration provision a right not to litigate the dispute in a court and bear the associated burdens." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). The burden of litigation includes not just time and financial resources, but also the possible disclosure of sensitive information.
>
> > [A]llowing discovery to proceed could alter the nature of the dispute significantly by requiring parties to disclose sensitive information that could have a bearing on the resolution of the matter. If we later hold that the claims were indeed subject to mandatory arbitration, the parties will not be able to unring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process.
>
> *Levin v. Alms & Associates, Inc.*, 634 F.3d 260, 265 (4th Cir. 2011). This is particularly true when . . . the federal rules would compel discovery otherwise not permitted by the discovery rules in arbitration.

4

*Little v. Midland Credit Mgmt., Inc.*, No. 2:19-CV-5419, 2020 WL 4745191, at *2-3 (S.D. Ohio Aug. 17, 2020) (citing *Hubbell v. NCR Corp.*, No. 2:17-cv-807, 2018 WL 1638882, at *1–2 (S.D. Ohio Apr. 5, 2018); *Danley v. Encore Capital Grp., Inc.*, No. 15-11535, 2016 WL 8115421, at *2 (E.D. Mich. Apr. 20, 2016) (staying discovery pending resolution of a motion to compel arbitration on the basis that the "benefit of this discovery will outweigh its burden only if defendants' motion to compel arbitration is denied")).

    Against this backdrop, Monarch has met its burden of showing that it is entitled to a stay of discovery.  First, Monarch correctly notes that this case is at "its procedural infancy," and "a stay at this juncture would not undermine any proceedings to date."  (ECF No. 19 at PAGEID # 222.)  Indeed, the Court notes that discovery in this case has been temporarily stayed for over two months without prejudice to either party or any impact on the proceedings.  (*See* ECF No. 18.)  To this end, Plaintiff concedes that the case is "in the early stages of litigation," and fails to show that he would be unduly prejudiced or tactically disadvantaged by a further stay.  (ECF No. 20 at PAGEID ## 231-232.)  Plaintiff's primary argument appears to be that a stay would impact the statute of limitations to his prejudice, but this argument is not well taken.  (*Id.*)  As Plaintiff notes, the Court can toll the statute of limitations to alleviate that potential prejudice.  (*Id.*) Plaintiff fails to note, however, that **Monarch has offered to agree to toll the statute of limitations** should the Court deny the Motion to Compel.  (*See* ECF No. 19 at PAGEID ## 221, 223; ECF No. 21 at PAGEID # 239.)  Given this agreement, the Court finds there to be no risk of prejudice to Plaintiff regarding the statute of limitations.  The Court also is not moved by Plaintiff's purely speculative suggestion that the "passage of time" would prejudice him.  (ECF No. 20 at PAGEID # 232.)  Accordingly, the Court rejects Plaintiff's arguments that he will be unduly prejudiced or tactically disadvantaged by a further stay of discovery.

The Court also agrees with Monarch that a further stay would simplify the issues in the case and reduce the burden of litigation on the parties and the Court.  Indeed, a further stay will ensure that the only issue before the Court is whether Plaintiff's claims shall proceed in federal court.  This threshold question is not one which requires additional discovery to answer.  Further, while Plaintiff is correct that "whether this matter proceeds in this Court or in arbitration, the parties will engage in the discovery process," Monarch highlights the more salient and important point, which is that "the scope of potential discovery in arbitration would be limited to individual, not class or collective, claims, and any discovery would proceed under the arbitration forum's processes and rules."  (*See* ECF No. 20 at PAGEID # 233; ECF No. 21 at PAGEID # 240.)  It does not serve the parties' or the Court's best interests to inject discovery issues into the case at this point, especially given the risk that at least some (if not all) of the "progress" made in discovery would be wasted should the Motion to Compel be granted.

Accordingly, the Court concludes that Monarch has demonstrated that a further stay of discovery is justified here, pending resolution of the Motion to Compel.

**IV.**

For the foregoing reasons, the Court finds that Monarch has carried its burden to show that a stay of discovery is appropriate under the circumstances presented in this case.  The Court therefore concludes that a stay is warranted, pending resolution of Defendant's Motion for Compel, ECF No. 12.  Defendant's Motion to Stay is hereby **GRANTED**.  (ECF No. 19.)  All discovery, motion practice, and further litigation in this case shall continue to be **STAYED** pending resolution of Defendant's Motion to Compel Arbitration and to Dismiss, or in the Alternative Stay, This Action, ECF No. 12.

In the event that the Court denies the Motion to Compel, the Court will set a status conference by separate order so that the parties can discuss the tolling of Plaintiff's claims and set a discovery schedule.

**IT IS SO ORDERED.**

Date:  February 12, 2021                               /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE